### SCHAFF v. HOLLIN. (No. 6078.)

(Court of Civil Appeals of Texas. Austin. April 2, 1919. Rehearing Denied June 18, 1919.)

1. TRIAL ☞253(4) — INSTRUCTIONS — OMISSION OF ELEMENTS OF CASE.

It was not error to refuse instructions ignoring plaintiff's claim of mental incapacity urged against settlement for injuries as defense to action for such injuries.

2. TRIAL ☞260(1)—INSTRUCTIONS—INSTRUCTIONS COVERED.

Matters already covered by other instructions given are properly refused.

3. RAILROADS ☞401(2) — PERSONAL INJURY ACTIONS—INSTRUCTIONS—ISSUES NOT RAISED BY PLEADINGS.

In an action for injuries by driving over a depression between railroad tracks, where defendant pleaded contributory negligence because plaintiff did not drive in a place of safety, an instruction that plaintiff was guilty of contributory negligence if she paid no attention to where she was driving was properly refused as not within the issue.

4. RAILROADS ☞401(2) — PERSONAL INJURY ACTIONS—INSTRUCTIONS—ISSUES NOT RAISED BY PLEADINGS.

In an action for injuries by driving over an unsafe place between railroad tracks, an instruction that, if plaintiff failed to use ordinary care, she would be guilty of negligence was properly refused where the contributory negligence pleaded was that she did not drive in a place of safety.

5. RAILROADS ☞389(2) — PERSONAL INJURY ACTION — PROXIMATE CAUSE—VIOLATION OF ORDINANCE.

A railway company may violate an ordinance by permitting the space between its tracks in the street to become dangerous to vehicles and yet not be liable for injuries if such violation is not the proximate cause of the injuries.

6. APPEAL AND ERROR ☞742(5)—RECORD ON APPEAL—STATEMENTS OF FACT.

An assignment of error in a personal injury action that instructions relative to medical expenses were not authorized by the evidence will not be considered, where it does not contain any statement as required by the rules, but merely refers practically to the entire statement of facts.

7. EVIDENCE ☞271(1), 471(2)—CONCLUSION—SELF-SERVING TESTIMONY—PERSONAL INJURY ACTION.

Testimony by plaintiff, in a personal injury action that she did not have a cent, and that if she had known the extent of her injuries she would not have signed a release, was not inadmissible as involving a conclusion or as being self-serving.

8. RELEASE ☞53 — PERSONAL INJURY — PLEADING AND PROOF.

Testimony by plaintiff that she did not have a cent, and if she had known the extent of her injuries she would not have signed a release, was admissible on the issue of settlement raised by the averment that defendant's agent took advantage of her needy condition to obtain the release.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by Emma Hollin against C. E. Schaff, receiver. Judgment for plaintiff, and defendant appeals. Affirmed.

G. H. Penland and W. E. Spell, both of Waco, for appellant.

Cross & Rogers and Johnston & Hughes, all of Waco, for appellee.

BRADY, J. Appellee sued appellant for damages for personal injuries, alleged to have resulted from her having been thrown from the seat of a wagon, which she was driving along and over Jackson street, in the city of Waco, upon the tracks of appellant. She alleged that the proximate cause of her injuries was the negligence of appellant in permitting the space between the rails of its tracks to become dangerous, in that it failed to keep the same flush with the rails, as required by the ordinances of the city, and that it permitted the space between the rails to be worn down a distance of six inches or more below the surface of the rails, forming a dangerous hole, into which the wheels of appellee's wagon fell, striking an iron obstruction attached to the inner side of the rails, which appellant had negligently permitted to be exposed.

Appellant answered by general demurrer and special exceptions which were overruled by the court; by general and special denial; and by plea of contributory negligence, in substance, that the injuries of appellee were proximately caused by her own negligence in failing to drive her horse and wagon between

the north main and south main lines of appellant, or between the south main line and the switch track west of such line, which were places of safety on the highway. Appellant also specially answered that it had settled with appellee by the payment of $65 in compromise of her claims, and that she had executed a release therefor.

By supplemental petition appellee sought to avoid the release pleaded, on the ground that she was incapable, because of mental aberration, of knowing and understanding the contents of the release and the nature of her acts in signing the same, which condition was known to appellant's claim agent at the time of the settlement, and was taken advantage of by the agent; and, further, that the claim agent had conspired with a negro physician, who was the family physician of appellee, to bring about a compromise or settlement, which was obtained by false and fraudulent representations as to her physical and mental condition.

The case was submitted to the jury upon a general charge, and the trial resulted in a verdict and judgment for appellee in the sum of $815.

While the evidence is conflicting, we find, in deference to the verdict of the jury and from the evidence in the record, that the appellant was guilty of negligence as pleaded in the petition, and that the appellee was not guilty of contributory negligence. Upon the same considerations we conclude that, at the time the release and settlement were obtained and made, appellee did not have the mental capacity to contract and to understand the same, which was known to appellant's agent; and that there is evidence tending to support appellee's theory that the release and settlement were the result of fraud practiced upon appellee by appellant's agent, acting in connection with the doctor who attended appellee.

The trial court first submitted to the jury the issue of the alleged compromise or settlement, and we will first consider the questions relating thereto.

[1, 2] The fourth assignment of error complains of the refusal of the court to give certain special charges, all of which ignored appellee's defense of mental incapacity urged against the alleged release and settlement. For this reason, if for no other, we are of the opinion that the trial court properly refused to give the charges requested. However, it may be added that paragraphs 1 and 2 in the main charge of the court fairly presented this issue, both from the standpoint of appellant and appellee, and it was not reversible error for the court to refuse these requested instructions. It follows that the fourth assignment should be overruled.

The first assignment presents the claim that the trial court erred in refusing to give appellant's special charge No. 1, which was, in effect, an instruction that under the undis-

puted evidence appellee was guilty of contributory negligence as a matter of law, and should not recover; and also that the court erred in refusing to give appellant's special charge No. 2, which was, in substance, that if the jury believed from the evidence that appellee, at and just before the time of the accident, was looking over some papers, and paying no attention to how or where she was driving, and that a person exercising ordinary care would not have so driven and acted, appellee would be guilty of contributory negligence as a matter of law, and the jury should return a verdict for appellant.

We are of the opinion that the court did not err in refusing to give special charge No. 1, for the reason that the evidence raised an issue of fact for the jury upon the question of contributory negligence.

[3] As to special charge No. 2, it is sufficient to say that appellant was not entitled to the instruction because it sought to present an issue of contributory negligence not made by the pleadings. Appellant chose to plead and rely, for contributory negligence, solely upon the ground that appellee did not drive in a place of safety between the tracks, and no pleading raised the issue that appellee was negligent in looking over the papers and in not keeping a proper lookout for her safety. These conclusions require the overruling of the first assignment.

The second assignment complains of the refusal of the trial court to give appellant's special charge No. 3, which undertook to define the duty of a person using the public streets occupied by railroad tracks, and to instruct the jury that if appellee failed to exercise ordinary care they should return a verdict for the appellant.

The charge requested was entirely too broad, for that it would have permitted the jury to consider as a ground for contributory negligence matters not presented by the pleadings, and would have left the jury free to impute to appellee contributory negligence without regard to the pleadings. Therefore this assignment will be overruled.

The third assignment urges the claim that the court committed error in failing to give appellant's special charge No. 4, which is to the same effect as the charge requested and involved in the preceding assignment, with the added element that if the jury should believe from the evidence that appellee failed to exercise ordinary care to look where she was driving, and to avoid the obstructions, to return a verdict for appellant.

What has been said above virtually disposes of this assignment, and it is overruled.

[4] The fifth assignment is to the effect that the trial court erred in not giving a special charge that if the jury should find that appellant violated the ordinance pleaded and introduced in evidence, but further believed that appellee failed to use ordinary care in driving her horse and wagon on and over

Jackson street at the time and place of the accident, and that such failure was the proximate cause of her injuries, appellee would be guilty of negligence, and they would return a verdict for appellant.

This charge, also, was objectionable, because it would have authorized the jury to consider a ground of contributory negligence not pleaded, and was entirely too broad under the issues of the case. Therefore the assignment will be overruled.

The sixth assignment complains that the trial court erred in not sustaining several objections to the main charge, which may be summarized by the statement that they involve the claim that the evidence did not raise any issue of mental incapacity of appellee, or fraud in the procurement of the release, nor any negligence by appellant; that the undisputed evidence showed appellee guilty of contributory negligence as a matter of law; and that there was no pleading or tangible evidence authorizing the submission of the measure of damages as to doctors' or medical bills.

We think all the objections without merit, as the pleadings and evidence raise issues of fact for the determination of the jury upon all these questions. As to the question of doctors' and medical bills, the court substantially charged the jury in conformity to the averments of the petition. Appellant only urged a general demurrer as against these claims, and we think the pleadings sufficient upon general exception. This assignment also will be overruled.

[5] The proposition under the seventh assignment of error is to the effect that a railway company may violate the provisions of an ordinance and yet not be liable, unless such violation is shown to be the proximate cause of the injuries. This is undoubtedly a correct statement of the rule of law, but it is claimed that the court, in paragraphs 3 and 4 of the main charge, ignored this principle. An examination of that portion of the charge discloses that the point is not well taken, in that the jury were required, before they could find for appellee, to determine that the alleged violation of the ordinance proximately caused the injuries. In our opinion the assignment is without merit and should be overruled.

The claim in the eighth assignment is that the court erred in giving paragraph 5 of the main charge, because it is upon the weight of the evidence, and because the undisputed statement of appellee shows she was guilty of contributory negligence as a matter of law.

We think this portion of the court's charge fairly and properly submitted the issue of contributory negligence as pleaded by appellant, and is not subject to either of the criticisms urged against it. This conclusion necessitates the overruling of said assignment.

In the ninth assignment of error appellant urges that the trial court should have sustained its objections to that part of paragraph 5 of the main charge relating to damages for doctors' bills and sums expended for medicines, because unauthorized by the evidence and without any proper pleading to support the same.

[6] As to the question of pleading, a general demurrer only was urged against these elements of damage, and the averments were, in our opinion sufficient as against the general demurrer. This assignment will not be considered upon the claim that there is no tangible evidence to support the issue for the reason that it does not contain any statement as required by the rules. We are referred to appellant's statement under its fourth assignment of error, which contains 25 pages of printed matter, and which related to an entirely different question. The statement as made is practically a reference to the entire statement of facts. We decline to assume the burden of going through the lengthy statement and culling out the comparatively small amount of testimony bearing upon this issue. The brief under this assignment wholly ignores the rule on the subject, and therefore the assignment will not be considered upon the question of the evidence to support the charge.

[7, 8] The tenth and last assignment of error involves the contention that the trial court erred in admitting certain testimony of appellee relating to her financial condition at the time of the settlement. Her testimony was to the effect that she did not have a copper cent, and that if she had known the extent of her injuries, and that she had a claim against the railroad company, she would not have signed the release.

The objections to this testimony were that it involved a conclusion and the speculation and opinion of the witness, that it was a self-serving statement, and without pleading to support it. None of these objections are tenable, because, in our opinion, the statement did not involve a conclusion or opinion of the witness, and the testimony was admissible upon the issue of the compromise settlement. There were averments substantially to the effect that appellant's agent took advantage of appellee's needy condition to obtain the release, and there was testimony that the claim agent inquired of appellee as to her financial condition and need, and assigned that as a reason for being willing to make the settlement. Whatever may be the general rule upon the subject, we are of the opinion that, under the circumstances of this case, the testimony was admissible, certainly as against the objections urged.

The record shows no reversible error, and the judgment will be affirmed.

Affirmed.